UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN LYNN DUSHANE,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>    Defendants. | No. 2:13-cv-2518-EFB P |
| JASEN LYNN DUSHANE,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRY TOLIVER, et al.,<br><br>    Defendants. | No. 2:14-cv-2484-EFB P |
| JASEN LYNN DUSHANE,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY MAIN JAIL, et al.,<br><br>    Defendants. | No. 2:15-cv-136-TLN-EFB P |

1

| | |
|---|---|
| JASEN LYNN DUSHANE, | No. 2:15-cv-2319-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER APPOINTING COUNSEL |
| PHIL MASSA, et al., | |
| Defendants. | |

Plaintiff is a prisoner proceeding without counsel in these four related civil rights actions concerning events that occurred while plaintiff was a federal pretrial detainee housed at the Sacramento County Main Jail. The court finds that the complexity of certain issues common to all four actions, in addition to the apparent barriers faced by plaintiff in obtaining supplies and access to research at his current institution of incarceration warrant appointment of counsel.

**I.     Background**

Plaintiff proceeds in these four civil rights cases with the following claims: (1) that various policies enforced by jail staff violated his constitutional rights (Case No. 2:13-cv-02518); (2) that he was denied a Kosher diet and retaliated against for grieving the issue in violation of his constitutional and/or federal statutory rights (Case No. 2:14-2484); (3) that a jail employee was deliberately indifferent to his suicidality in violation of the Constitution (Case No. 2:15-cv-136); and (4) that prison staff retaliated against him by destroying his property after he pursued grievances against them (Case No. 2:15-cv-2319).

**II.    Plaintiff's Motion for Appointment of Counsel**

Plaintiff seeks an order appointing counsel in the four related cases. Case No. 2:13-cv-2518-EFB, ECF No. 52. He provides the following justifications (among others): (1) he has no access to the jail to investigate his claims, (2) he needs assistance to contact witnesses in the jail or who have been released or sent to state prison, (3) he cannot procure California district court case law to support his claims under the policy in force at his current institution of incarceration, (4) he may require an expert witness in Case No. 2:15-cv-136 to testify on mental health issues, (5) his mental health may impact his ability to present his cases, (6) the cases are complex, and (7)

2

1   plaintiff is being denied direct access to the law library.  ECF No. 52 at 2-3.

2   District courts lack authority to require counsel to represent indigent prisoners in civil rights cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds that exceptional circumstances in these four consolidated cases justify the appointment of counsel.

Plaintiff has submitted numerous motions in his cases regarding the allegedly inadequate library access, and either the absence of training of (or improperly trained) prison legal assistants, as well as other barriers he has faced in obtaining materials with which to litigate his California cases.  In partial response to plaintiff's motions, the court has ordered the warden and law librarian at Northern Nevada Correctional Center to provide plaintiff with stamps for his legal mail to this court.  Case No. 2:13-cv-2518, ECF No. 51.  However, substantial and troubling questions remain as to whether Nevada authorities are providing plaintiff with the requisite minimum level of supplies necessary for access to the court to litigate his California cases and whether the system for legal assistance and library access in place at Northern Nevada Correctional Center provides plaintiff with the level of access to the courts required by the federal Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that prison authorities must provide prisoners with a reasonably adequate opportunity to present their claims of violation of fundamental constitutional rights and that this may be accomplished by providing an accessible and adequate library or assistance from persons trained in the law); *Toussaint v. McCarthy*, 801 F.2d 1080, 1109-10 (9th Cir. 1986) (approving a district court's factual findings regarding the inadequacies of a prison policy allowing legal research via a paging system in which inmates were required to request specific library materials and were not permitted to physically access the

library); *Gluth v. Kangas*, 951 F.2d 1504, 1507-08 (9th Cir. 1991) (affirming a district court's grant of summary judgment in favor of plaintiffs on their access to courts claims where prison legal assistants had no training and inmates were denied reasonable physical access to the law library); *Canell v. Bradshaw*, 840 F. Supp. 1382, 1389-90 (D. Or. 1993) (noting that paging systems have been "condemned by courts throughout the country" in denying defendants' motion for summary judgment on plaintiff's access to courts claim). In a case where the level of access to the library and/or trained assistants was similarly contested, Judge Edward C. Reed of the District of Nevada noted his "substantial doubts" as to the adequacy of access. *Koerschner v. Warden*, 508 F. Supp. 2d 849, 860 (D. Nev. 2007). Judge Reed responded to those doubts by appointing counsel, "in light of the serious, and potentially constitutionally suspect, limitations placed on the petitioner's access to the courts, the presence of nonfrivolous claims, and the overall complexity of the case and the issues presented." *Id.* at 861.

Here, as in *Koerschner*, plaintiff has raised serious questions regarding the adequacy of his access to the courts under the policies in place at Northern Nevada Correctional Center; i.e., his claims concerning physical access to the library, the alleged lack of training (or improper training) of prison legal assistants, and the alleged failure to provide the minimum level of supplies necessary to access the courts to litigate his non-Nevada cases. *See* Case No. 2:13-cv-2518, ECF Nos. 39, 42, 44, 46, 47; Case No. 2:14-cv-2484, ECF No. 22; Case No. 2:15-cv-0136, ECF Nos. 33, 35, 38, 41, 50, 52.

In addition, the court has concluded that plaintiff has raised potentially cognizable claims in all four cases. Case No. 2:13-cv-2518, ECF No. 43; Case No. 2:14-cv-2484, ECF No. 5; Case No. 2:15-cv-0136, ECF No. 7; Case No. 2:15-cv-2319, ECF No. 10. Moreover, all four related cases raise the same complex jurisdictional issue; that is, whether this court's power to review plaintiff's claims derives from 42 U.S.C. § 1983 or *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). *See* Case No. 2:13-cv-2518-EFB, ECF No. 27 at 3-4. The court has received conflicting briefs from plaintiff on this issue and only the barest of analysis from defendants in one of the cases. Case No. 2:14-cv-2484-EFB, ECF Nos. 12, 13, 20. The issue is complex and requires more considered briefing. *See Naranjo v. Thompson*, 809 F.3d 793, 806 n.16 (5th Cir. 2015).

The court therefore concludes that the alleged unconstitutional limitations on plaintiff's access to courts, the presence of nonfrivolous claims, and the complexity of the jurisdictional issue presented by all four cases constitute exceptional circumstances warranting appointment of counsel. At this time, counsel will be appointed for the limited purpose of briefing the jurisdictional issue described above, addressing any outstanding discovery issues, preparing amended pleadings, engaging in settlement negotiations, filing any necessary dispositive motions, and responding to dispositive motions filed by defendants.

### III. Order

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's December 18, 2015 (Case No. 2:15-cv-0136, ECF No. 52) and December 28, 2015 motions for appointment of counsel (Case No. 2:13-cv-2518, ECF No. 52) are granted.

2. James V. Weixel, Jr. is appointed as counsel in the above-entitled matters for the purpose of pursuing these four related actions on plaintiff's behalf for the limited purposes of preparing and responding to discovery, preparing and responding to pretrial motions, settlement negotiations, and other pretrial matters, including the preparation of a brief discussing whether the related actions are brought pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

3. Mr. Weixel shall notify Sujean Park, the Court's Pro Bono Program Director, at (916) 930-4278, or via email at spark@caed.uscourts.gov, if he has any questions related to the appointment.

4. Plaintiff's May 26, 2015 motions regarding jurisdiction (Case No. 2:14-cv-2484, ECF Nos. 12 and 13) are denied without prejudice. Appointed counsel is directed to file a brief or, if necessary and appropriate motion, regarding the proper jurisdictional basis of these cases within 60 days of the date of this order. Defendants shall file a responsive brief within 21 days of the date of service of plaintiff's counsel's brief.

5. Plaintiff's motions contesting the limitations placed on his access to the law library, persons trained in the law, and legal supplies (Case No. 2:13-cv-2518, ECF Nos. 42,

46, 47; Case No. 2:14-cv-2484, ECF Nos. 22, 25; Case No. 2:15-cv-0136, ECF Nos. 46, 50) are denied without prejudice.  If plaintiff believes that such limitations have denied him access to the courts in any case, he may litigate that issue in a separate action.

6. Plaintiff's December 21, 2015 motion to compel (Case No. 2:14-cv-2484, ECF No. 23) and motion for an extension of the discovery deadline (Case No. 2:14-cv-2484, ECF No. 24) are denied without prejudice.  Plaintiff's December 14, 2015 motion to compel (Case No. 2:15-cv-0136, ECF No. 51) is denied without prejudice.  Appointed counsel is directed to refile these discovery motions, if he deems it appropriate, with the proper briefing and support within 90 days of the date of this order.  E.D. Cal. L.R. 251.

7. The Clerk of the Court is directed to serve a copy of this order upon James V. Weixel, Jr., Weixel Law Office, 150 Post Street, Suite 520, San Francisco, California 94108.

DATED: March 23, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6